S. LANE TUCKER
United States Attorney

ADAM ALEXANDER
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Email: adam.alexander@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>   vs.<br><br>BENJAMIN ROUNDY,<br><br>                Defendant. | No. 3:23-mj-00450-MMS |

## **NOTICE OF INTENT TO SEEK DETENTION**

Comes now the United States of America and advises this Court that it will move for a hearing to determine whether the defendant should be detained pending trial, and at that hearing argue for the Defendant's detention pending trial in this matter.

A hearing is appropriate because the defendant is charged with a felony that involves a minor victim. 18 U.S.C. § 3142(f)(1)(E). Furthermore, the United States believes that the defendant poses both a risk of flight pursuant to 18 U.S.C. § 3142(f)(2)(A) and a risk of obstruction pursuant to 18 U.S.C. § 3142(f)(2)(B). The concern regarding obstruction

is particularly significant where, as here, an initial manual review of the Defendant's primary cellular phone revealed evidence of substantial technical sophistication and the active use of various applications and services to conceal and facilitate his criminal conduct. For that reason alone, the United States believes that there is no condition or combination of conditions that will reasonably assure that the Defendant will comply with court-ordered conditions of release in this matter.

The United States will establish by clear and convincing evidence that the defendant is subject to a rebuttable presumption of detention as required by 18 U.S.C. § 3142(e) as he has been charged by complaint in this matter with violations of 18 U.S.C. §§ 2251 and 2422(b) which are qualifying predicates as defined by 18 U.S.C. § 3142(e)(3)(E).

Even if the court were to find that the presumption has been rebutted in this case, the United States strongly believes that detention is merited regardless in this matter when considering the factors described in 18 U.S.C. § 3142(g)(1-4). Specifically, as detailed in the affidavit in support of the complaint docketed in this matter, the nature and circumstances of the crimes charged involve minor victims; the weight of the evidence against the Defendant is substantial; what appears to be the Defendant's long history of engaging in similar conduct; and finally, the nature and seriousness of the danger to any person or the community should the defendant be released.

As noted in the affidavit supporting the criminal complaint in this matter, the Defendant was observed by FBI surveillance engaging in his own surveillance activity in an attempt to locate purported minors, an active level of engagement and proportionate dangerousness lying outside the bounds of similarly situated defendants. A manual review

*U.S. v. Roundy*
3:23-mj-00450-MMS          Page 2 of 3
Case 3:23-mj-00450-MMS   Document 4   Filed 08/08/23   Page 2 of 3

of the Defendant's primary cellular phone, seized at the time he was detained, has revealed evidence indicating that there may be additional minor victims in this matter. Due to the reactive nature of this investigation, that review and further investigation is pending.

RESPECTFULLY SUBMITTED August 8, 2023 at Anchorage, Alaska.

S. LANE TUCKER
United States Attorney

/s Adam Alexander
ADAM ALEXANDER
Assistant United States Attorney
United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that on August 8, 2023 a true and correct copy of the foregoing was served electronically on counsel of record, Asst. FPD Mr. Samuel Eilers.

/s Adam Alexander

*U.S. v. Roundy*
3:23-mj-00450-MMS  Page 3 of 3
Case 3:23-mj-00450-MMS   Document 4   Filed 08/08/23   Page 3 of 3